IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN SLOAN,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 23-cv-1083<br>) |
| CLINT STEVENS,<br>Defendant. | )<br>)<br>) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiff Kevin Sloan's Second Motion for Sanctions. (Doc. 31). For the reasons that follow, Plaintiff's motion is denied.

On February 24, 2023, Plaintiff filed his Complaint asserting claims for personal injury. (Doc. 1). On December 11, 2023, the magistrate judge held a scheduling conference and entered a Scheduling Order. (Doc. 9). On January 17, 2024, the magistrate judge granted Plaintiff's Motion for Reimbursement of the Costs of Service and Ordered Defendant to pay Plaintiff and his counsel $397.50. (Text Order of 1/17/2024). On April 25, 2024, the magistrate judge denied Plaintiff's Motion for Entry of Default based on discovery violations and granted in part Plaintiff's Motion for an Award of Attorney's Fees, ordering Defendant to pay Plaintiff's counsel $847.00 within 20 days. (Doc. 18).

On August 8, 2024, the magistrate judge held a status conference, at which the parties jointly requested a settlement conference. (Text Order of 8/9/2024). The settlement conference was scheduled on September 26, 2024. (*Id.*) The magistrate judge ordered that a representative with full settlement authority from each party be physically

present at the settlement conference or immediately available. (*Id.*) The parties were also directed to submit settlement statements three days prior to the settlement conference. (*Id.*)

Plaintiff's motion provides that, on September 25, 2024, at approximately 5:03 p.m., Defendant's counsel emailed the magistrate judge in response to the request for Defendant's settlement statement. (Doc. 31 at 2). Counsel responded that the settlement conference set the following day had not been properly calendared and Defendant's representative with full settlement authority was not available to attend. (*Id.*)

On September 25, 2024, at 6:36 p.m., Defendant filed a Motion to Reschedule Settlement Conference due to the "docketing error" and the fact that "the adjuster for defendant's insurance company was not informed of the date set for the settlement conference." (Doc. 28). At a status conference on October 1, 2024, the magistrate judge reset the settlement conference for November 25, 2024, at 10:00 a.m. (Text Order of 10/1/2024).

Plaintiff's Second Motion for Sanctions provides that, on October 7, 2024, Plaintiff's counsel emailed Defendant's counsel a breakdown of Plaintiff's incurred travel expenses as well as lost wages and benefits along with counsel's lodging expenses resulting from the cancelled September 26, 2024 settlement conference. (Doc. 31 at 3). Plaintiff's counsel requested that Defendant's counsel remit a total sum of $2,037.21. (*Id.*)

When Defendant failed to respond, Plaintiff filed a Motion for Sanctions under Rule 16 on November 6, 2024. (Doc. 29). Defendant did not respond to Plaintiff's motion. (Text Order of 12/3/2024). On April 14, 2025, this Court adopted the magistrate judge's

Text Order of December 3, 2024, granting Plaintiff's Motion for Sanctions and ordering Defendant to pay Plaintiff's counsel a total of $2,037.21, consisting of $371.99 for Plaintiff's travel costs, $1,247.29 for Plaintiff's lost wages, and $417.93 for the travel costs of Plaintiff's counsel. (Text Order of 4/14/2025).

On February 4, 2025, Plaintiff filed this Second Motion for Sanctions, wherein he asks the Court to: (1) bar Defendant from entering evidence at a hearing or trial; (2) find Defendant in civil contempt for disobeying the magistrate judge's December 3, 2024 Order, which the Court adopted on April 14, 2025; and (3) grant Plaintiff leave to file a petition for the expenses and reasonable attorney's fees incurred in this motion. (Doc. 31).

On April 3, 2025, United States Magistrate Judge Eric Long scheduled a hearing on Plaintiff's Second Motion for Sanctions on April 8, 2025. (Text Order of 4/3/2025). While Plaintiff's counsel appeared at the hearing, Defendant's counsel did not. (Minute Entry of 4/8/2025).

On May 7, 2025, Judge Long directed Defendant to show cause why Defendant should not be precluded from admitting evidence or having default entered as a sanction under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with Court orders. (Doc. 37 at 2). The Order provided that nearly a month had passed since Defendant's counsel's failure to appear at the motion hearing and nothing had been filed by counsel to explain his absence. (*Id.*)

On May 21, 2025, Defendant filed his Response to the Order to Show Cause. (Doc. 35). The response provides that counsel has complied with the Court's Order and tendered payment of $2,037.21 to counsel for Plaintiff. (*Id.* at 1). Defendant's counsel

further apologizes to the Court and Plaintiff's counsel and states that the failure to timely pay the amounts was the fault of counsel, not Defendant or Defendant's insurer. (*Id.*)

Defendant further states that counsel's failure to appear at the April 8, 2025 hearing was inadvertent. (*Id.*) Furthermore, while not an excuse, Defendant's sole law partner retired suddenly in 2024 due to a health issue, which resulted in counsel having to also assume handling the retired partner's cases. (*Id.*) Defendant also notes that his wife has experienced significant health issues which have worsened in 2025, requiring two emergency room visits, appointments with physicians, and an upcoming medical procedure. (*Id.* at 2).

Counsel alleges Defendant should not be barred from admitting evidence and having a default entered due to counsel's failures. (*Id.*) Defendant vows to abide by the Court's Orders. (*Id.*) Defendant claims he has a valid defense of contributory negligence. (*Id.*)

In light of Defendant's Response to the Order to Show Cause and compliance with the previous order to tender payment to Plaintiff's counsel, the Court declines to impose further sanctions on Defendant. Going forward, however, the Court will expect strict compliance with all Court Orders. Any failure to comply may result in the immediate imposition of sanctions.

For the reasons stated herein, Plaintiff Kevin Sloan's Second Motion for Sanctions [Doc. 31] is DENIED.

ENTER: June 2, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE